IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BEST WESTERN INTERNATIONAL, INC.,
an Arizona non-profit corporation,

    Plaintiff,

v.                                Civil Action No. 5:04CV100
                                            (STAMP)
GEORGE BOURY, an individual,
ARVIND PATEL, an individual
and UNITED BANK, INC.,
a banking corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
FINDING DEFENDANT ARVIND PATEL IN
CIVIL CONTEMPT FOR VIOLATIONS OF AGREED ORDER
AND ESTABLISHING TIMETABLE FOR COMPLIANCE**

I.   Background

Best Western International, Inc. ("Best Western") filed this suit against defendants, George Boury, Arvind Patel ("Patel"), pro se, and United Bank, Inc., for alleged infringements on certain trademarks owned by Best Western. On April 6, 2005, this Court entered an agreed order ("Agreed Order") submitted by Best Western and Patel which permanently enjoined Patel and all entities or individuals controlled by or in active concert with him from the following:

    (A) Using, displaying or advertising or authorizing or licensing any other person to use, display or to advertise plaintiff's "Best Western" trademarks and service marks;

    (B) Using, displaying or advertising or licensing any other person to use, display or advertise plaintiff's "Best Western" trademarks and service marks or any

simulation, reproduction, counterfeit, copy or colorable imitation thereof in any manner likely to cause confusion, mistake or deception as to the identity or source thereof;

 (C) Committing any acts calculated to cause others to believe that defendants are in any way connected to, associated with or sponsored by plaintiff; and

 (D) Otherwise engaging in any other activity or conduct using plaintiff's "Best Western" trademarks and service marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof in any manner which is likely to cause others to falsely believe that defendants are in any way connected to, associated with or sponsored by plaintiff, Best Western International, Inc.

(Agreed Order 1-2.)

On January 25, 2006, Best Western filed a motion for an order directing defendant to show cause why he should not be held in contempt of the Agreed Order. This Court then entered an order directing Patel to show cause and setting a hearing on the matter. On February 7, 2005, Patel filed a motion showing cause why he should not be held in contempt and a second motion for an order directing plaintiff to show cause why it should not be held in contempt. Best Western filed a response to the defendant's motion for an order directing plaintiff to show cause why it should not be held in contempt. On February 21, 2006, the parties appeared for a hearing on the plaintiff's show cause motion.

For the reasons stated below, this Court finds Patel has failed to comply with the Agreed Order, but that he has sufficiently cured any violations with regard to room door number

2

plates, telephone plates and advertisements in the May 2005 through October 2005 publications of "Roundabout," a pamphlet that lists events and establishments in the Wheeling, West Virginia area. With regard to the outdoor signs presented by the plaintiff as Exhibit No. 1, this Court finds Patel in civil contempt, but gives Patel 30 days from February 21, 2006 within which to purge himself by removing or modifying the outdoor signs to comply with the Agreed Order.

### III. Applicable Law

The alleged violations of the Agreed Order in this case are considered pursuant to this Court's authority to correct instances of civil contempt. See e.g. Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996); Go-Video, Inc. v. The Motion Picture Association of America, 10 F.3d 693, 695 (9th Cir. 1993). The party alleging civil contempt must show the contemnor violated this Court's order by "clear and convincing" evidence. Go-Video at 695. "Substantial compliance" with this Court's order is a defense to civil contempt. Thus, the Agreed Order would not be violated by "'a few technical violations' where every reasonable effort has been made to comply." Id. (quoting Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)). "Intent of a party to disobey a court order is irrelevant to the validity of [a] contempt finding," Rolex at 720, and "there is no good faith

3

exception to the requirement of obedience to a court order." <u>Go-Video</u> at 695.

Finally, it should be noted that Patel appeared on his brief and at the hearing as a <u>pro se</u> defendant. Accordingly, this Court has construed the plaintiff's <u>pro se</u> pleadings liberally and has held the plaintiff's pleadings and courtroom conduct to a standard less stringent than that of a licensed attorney. <u>See</u> <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982).

## IV. <u>Discussion</u>

### A. <u>Patel's Show Cause Motion</u>

In Patel's motion for Best Western to show cause, the defendant argues that Best Western should be held in contempt for "harassing" Patel into paying for legal bills incurred by Best Western. In addition, Patel makes a demand for $6,000.00 plus reasonable interest for money paid to Best Western by Patel for an alleged franchise application fee. In response, Best Western admits that "it inadvertently sent to the Wheeling Inn a copy of a billing statement for services previously provided to the Wheeling Inn," but denies harassing Patel and denies that the $6,000.00 paid by Patel is refundable.

Without deciding, this Court believes Patel's $6,000.00 payment to Best Western is more appropriately considered as a separate contract dispute. Accordingly, this Court believes that the motion is best addressed as a separate proceeding by a court of

4

competent jurisdiction. Because the dispute is not directly related to the Agreed Order at issue in this case, this Court declines to consider that matter.

B.  Best Western's Show Cause Motion

In Best Western's motion to show cause, the plaintiff argues that Patel has violated the Agreed Order by continuing to display the Best Western name, trademarks and symbols, and by displaying simulations or colorable imitations of Best Western trademarks and symbols, in connection with a hotel known as the "Wheeling Inn." Specifically, the plaintiff contends that the Wheeling Inn continues to display Best Western's trademarked name and symbols on room door number plates and telephone plates, and also displays outdoor signs that are the same shape and colors of the Best Western trademarked symbols in a manner likely to be confusing to the general public.

Patel responds that the outdoor signs were replaced by United Bank, a former co-defendant that has since been dismissed from this action. Patel maintained that the signs at issue were pre-approved by Best Western before being installed by United Bank.[1] Moreover, Patel argues that his signs are not misleading to the public. With regard to the room door number plates and phone plates, Patel

---

[1] Best Western denied this contention at the hearing. Neither party established when the Wheeling Inn signs were actually installed by United Bank, and no evidence was presented indicating whether the installation occurred with or without Best Western's express or implied approval.

5

argues that all Best Western symbols had been covered by smiley face stickers.[2]  Finally, the defendant argues that he had no control over advertisements included in the "Roundabout" publication, and that he had terminated all advertising with "Roundabout" in October 2004.

At the hearing, the plaintiff called as a witness Thomas Saulsbury, a representative of Best Western, who testified that he visited the Wheeling Inn on December 18 and 19, and discovered the following trademark infringements: (1) rooftop sign and exterior signage; (2) telephone plate with Best Western Logo; and (3) room door number plates with Best Western Logo.  Through Saulsbury's testimony, the plaintiff offered as exhibits photographs of these infringements.  In addition, the plaintiff offered as an exhibit copies of the "Roundabout" publications from October 2004 through October 2005, which contained an advertizement for the Wheeling Inn with the Best Western logo and the word "Formerly" superimposed over the crown symbol.  This Court addresses each of these alleged infringements in turn.

---

[2]More importantly, Patel testified at the hearing that he had ordered new room door number plates and new telephone plates, and that all Best Western plates had been replaced on all doors and all telephones at the Wheeling Inn.  Patel entered as defendant's Exhibit Nos. 1 and 2, a picture of a new room door number plate and a new telephone plate.  Counsel for the plaintiff indicated that these new plates complied with the Agreed Order.

6

1.  <u>Exterior Signs</u>

U.S. Trademark Registration 2,105,546 owned by Best Western describes a pentagonal sign with a blue background, yellow letters, yellow trim and a red crown design. As stated above, the Agreed Order signed by both parties enjoins Patel from displaying Best Western trademarks or any "colorable imitation . . . in any manner likely to cause confusion, mistake or deception as to the identity of or source thereof." (Agreed Order at 1.) Pursuant to the standard set forth in the Agreed Order and the evidence presented by the plaintiff, this Court finds that the rooftop sign, the curbside sign and the exterior sign attached to the portico of the Wheeling Inn violate the Agreed Order.

Specifically, the sign on the roof of the Wheeling Inn has a pentagonal symbol with yellow trim and lettering, the combination of which looks substantially similar to Best Western's trademark. The Wheeling Inn's curbside sign is also in the pentagonal shape and has a blue background similar to Best Western's trademark. Finally, the sign affixed to the portico of the Wheeling Inn includes a pentagon with a blue background and trim substantially similar to Best Western's trademark.

Based on the testimony of Saulsbury, the pictures entered as plaintiff's Exhibit No. 1, the trademark certificate entered as plaintiff's Exhibit No. 4, and the prohibitive language of the Agreed Order, this Court finds that there is clear and convincing

7

evidence that the rooftop sign, the curbside sign and the portico sign of the Wheeling Inn are each colorable imitations of Best Western's protected trademarks and are likely to cause confusion, mistake or deception as to the identity of or source of the symbols. Accordingly, this Court finds Patel in the above respects has violated the Agreed Order and is in civil contempt. However, Patel may purge himself of this Court's civil contempt finding by replacing or modifying **WITHIN 30 DAYS** from the date of the hearing the exterior signs of the Wheeling Inn so that the signs comply with the Agreed Order.

    2.   <u>Telephone and Room Door Number Plates</u>

As stated above, the plaintiff entered into evidence, through the testimony of Saulsbury, a picture of a room telephone that had on its plate the Best Western logo. The plaintiff also entered into evidence a picture of a room door of the Wheeling Inn that featured the Best Western logo partially hidden by a sticker of a smiley face. While this Court finds that the telephone plates and room plates entered as plaintiff's exhibits would have violated the Agreed Order, this Court finds that Patel has taken remedial measures to correct the potential violation.

Specifically, Patel testified under oath that he had replaced all phone plates and room number plates. Moreover, Patel entered as defendant's exhibits a picture of the new door plates and the new phone plates. <u>See</u> Def.'s Ex. 1 & 2. Accordingly, this Court

8

does not find the defendant to be in civil contempt as to the telephone and door plates.

   3.   "Roundabout" Publications

The plaintiff entered into evidence thirteen editions of the "Roundabout" publication running from October 2004 through October 2005 and containing on page 7 a quarter page advertisement for the Wheeling Inn. As stated above, the advertisements included the Best Western logo with the word "Formerly" superimposed over the crown symbol.

Because the Agreed Order was not entered until April 6, 2005, the editions from October 2004 through April 2005 could not have violated the Agreed Order and will not be addressed by this order. However, publications from May 2005 through October 2005 provide clear and convincing evidence of a violation of the Agreed Order that enjoins Patel from ". . . authorizing . . . any other person . . . to advertise plaintiff's "Best Western" trademarks and service marks." (Agreed Order at 1.)

Patel responded at the hearing that he did not consent to the six advertisements and never paid for them. Notwithstanding Patel's testimony, this Court believes Patel could have easily reviewed the "Roundabout," which continues to be distributed at the Wheeling Inn among other locations. After finding the violation on page 7, Patel could have notified the publisher of "Roundabout" that the symbol violated a court order and could not be published.

Accordingly, this Court finds that the advertisements on page 7 of the May 2005 through October 2005 editions of "Roundabout" constituted violations of the Agreed Order.

Notwithstanding these violations, this Court finds that Patel has taken remedial measures sufficient to show compliance with the Agreed Order. Specifically, Patel entered as defendant's Exhibit No. 3, a February 2006 edition of "Roundabout" in which the page 7 advertisement featuring the "Formerly Best Western" logo was removed. The February 2006 edition also features a half page advertisement for the Wheeling Inn on the inside front cover which contains no Best Western trademarks and which counsel for the plaintiff agreed does not violate the Agreed Order. Accordingly, this Court finds there is sufficient evidence that Patel is now in substantial compliance with the Agreed Order with regard to the "Roundabout" publication and no further sanction is necessary.

## V. Conclusion

For the reasons stated above, defendant Patel is in civil contempt for violating the Agreed Order by maintaining three signs outside of the Wheeling Inn using symbols substantially similar to trademarks owned Best Western. Notwithstanding Patel's civil contempt, the defendant may purge himself by removing or modifying **WITHIN 30 DAYS** from the date of the hearing the rooftop sign, the curbside sign and the portico sign so that all exterior signs substantially comply with the Agreed Order. In other words, all

signs associated with the Wheeling Inn **SHALL BE** brought into compliance with the Agreed Order on or before **March 23, 2006**.

If signs associated with the Wheeling Inn are not in compliance by March 23, 2006, or if any other violations of the Agreed Order occur subsequent to this order, this Court, by motion of the plaintiff, will conduct a second show cause hearing to consider further sanctions including, but not limited to, monetary sanctions for civil contempt to compensate Best Western.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to defendant Arvind Patel and to counsel of record herein.

DATED: February 23, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE