IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BEST WESTERN INTERNATIONAL, INC.,
an Arizona non-profit corporation,

    Plaintiff,

v.                              Civil Action No. 5:04CV100
                                               (STAMP)
GEORGE BOURY, an individual,
ARVIND PATEL, an individual
and UNITED BANK, INC.,
a banking corporation,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>FINDING ARVIND PATEL IN CIVIL CONTEMPT</u>**
**<u>FOR VIOLATIONS OF AGREED ORDER OF APRIL 6, 2005</u>**
**<u>AND IMPOSING SANCTIONS</u>**

I.  <u>Background</u>

This action was instituted by Best Western International, Inc. ("Best Western") against Arvind Patel ("Patel") and other defendants[1] for relief from alleged infringements of Best Western's trademarked logo committed by the defendants in connection with their operation of the Wheeling Inn. On April 6, 2005, this Court entered an agreed order ("Agreed Order") submitted by Best Western and Patel which permanently enjoined Patel and all entities or individuals controlled by or in active concert with him from:

    (A) Using, displaying or advertising or authorizing
or licensing any other person to use, display or to

---

[1]Best Western's action initially included United Bank and George Boury as defendants along with Patel. Best Western's claims against both United Bank and George Boury have since been resolved and those defendants are no longer involved in this case.

advertise plaintiff's "Best Western" trademarks and service marks;

 (B) Using, displaying or advertising or licensing any other person to use, display or advertise plaintiff's "Best Western" trademarks and service marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof in any manner likely to cause confusion, mistake or deception as to the identity or source thereof;

 (C) Committing any acts calculated to cause others to believe that defendants are in any way connected to, associated with or sponsored by plaintiff; and

 (D) Otherwise engaging in any other activity or conduct using plaintiff's "Best Western" trademarks and service marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof in any manner which is likely to cause others to falsely believe that defendants are in any way connected to, associated with or sponsored by plaintiff, Best Western International, Inc.

(Agreed Order 1-2.)

On January 25, 2006, Best Western filed a motion for an order directing defendant to show cause why he should not be held in contempt of the Agreed Order. Following a hearing on the motion, on February 23, 2006, this Court entered a memorandum opinion and order finding Patel in civil contempt for violations of the Agreed Order. Specifically, this Court determined that a finding of civil contempt was necessary in light of Patel's continued maintenance of three exterior signs outside of the Wheeling Inn that bore symbols substantially similar to trademarks owned by Best Western. Notwithstanding Patel's civil contempt, this Court granted Patel 30 days (until March 23, 2006) in which to purge himself of the

contempt finding by bringing the Wheeling Inn's exterior signs into compliance with the Agreed Order.

On June 22, 2006, Best Western again filed a motion for an order directing the defendant Arvind Patel to show cause why he should not be held in contempt and for imposition of sanctions. This Court entered an order directing Patel to show cause and scheduling a hearing on the matter. Following several motions to continue, on October 12, 2006, Patel filed a response to this Court's order directing him to show cause. On October 19, 2006, the parties appeared for a hearing on Best Western's show cause motion. At the conclusion of the hearing, this Court entered an order establishing a briefing schedule to permit the parties to further comment on remaining trademark issues and the potential imposition of sanctions. On November 2, 2006, Best Western filed a timely post-hearing memorandum to which Patel timely responded.

For the reasons stated below, this Court finds that Patel is in civil contempt of both the Agreed Order and this Court's February 23, 2006 order directing him to bring the Wheeling Inn's exterior signs into compliance with the Agreed Order by March 23, 2006. Accordingly, imposition of sanctions is warranted.

## II. Applicable Law

The ability to impose sanctions for contempt is inherent in all courts, including federal district courts. See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); United States v. Hudson, 7

Cranch 32, 34 (1812). Certain sanctions are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962).

It is well-established that courts have the inherent power to assess attorney's fees for willful disobedience of a court order. See Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967); Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 427-28 (1923). "Intent of a party to disobey a court order is irrelevant to the validity of [a] contempt finding." Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996). Indeed, there is no "good faith exception" to the requirement of compliance with a court order. Go-Video, Inc. v. MPAA, 10 F.3d 693, 695 (9th Cir. 1993). Although the Court's inherent powers must be exercised with restraint and discretion, there are ample grounds for recognizing the inherent power to assess attorney's fees. See Roadway Express v. Piper, 447 U.S. 752, 764-65 (1980).

III. Discussion

A. Compliance with the Agreed Order

It is Best Western's position that all of the Wheeling Inn's exterior signs continue to violate the terms of the Agreed Order.[2]

---

[2]Patel maintains four exterior signs of which Best Western complains: two panel signs (the free-standing pole sign and the portico sign), one curbside sign, and one rooftop billboard. The

4

Patel asserts, on the other hand, that because all of the panel signs were removed on July 27, 2006 and because the rooftop sign was modified on August 1, 2006, all of the exterior signs are now in compliance with the Agreed Order.

Best Western argues that as to the free-standing pole sign and the portico sign, Patel is still in violation of the Agreed Order even though the sign faces have been removed from those cabinets. Best Western asserts that because the empty cabinets retain the pentagonal shape used in Best Western's trademarked logo, that Patel has not yet cured his violations of the Agreed Order. Best Western further asserts that the east curbside "sign" still violates the Agreed Order because, although the entire sign has been removed from the side of the building, a white pentagonal outline remains. As support for the argument that the pentagonal shape used in Best Western's logo is, alone, entitled to trademark protection, Best Western cites trademarked shapes such as McDonald's "Golden Arches," Nike's "swoosh," and Playboy's "rabbit head." This Court finds, however, that the pentagonal shape used by Best Western is distinguishable.

---

panel signs consist of two parts: a face bearing the contested logo used by the Wheeling Inn and a three-dimensional cabinet that holds the face in position. To date, the faces are no longer on these signs. The east curbside "sign" has been removed from the side of the Wheeling Inn in such a manner that only a white pentagon remains in which a faint outline of the letters "WI" can be seen. The final sign is a rooftop billboard with a two-dimensional logo advertisement for the Wheeling Inn which, until August 1, 2006, bore a pentagonal shape.

5

"[I]t is hornbook law that 'ordinary geometric shapes such as circles, ovals, squares, etc, . . . are regarded as non-distinctive and protectable only upon proof of secondary meaning.'" Wiley v. Am. Greetings Corp., 762 F.2d 139, 141-42 (1st Cir.)(finding that a red heart is a geometric and nondistinctive design that cannot be trademarked absent secondary meaning). "'Secondary meaning' is acquired when 'in the minds of the public, the primary significance of a product feature . . . is to identify the source of the product [(Best Western)] rather than the product itself [(a hotel)].'" Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851 n.11 (1982).

In this case, Best Western claims that Patel's use of a pentagon with a curvilinear top, absent any other identifiable features such as lettering or colors, violates the Agreed Order. United States Trademark Registration 2,105,546, owned by Best Western, describes a pentagonal sign with a blue background, yellow letters, yellow trim, and a red crown design. Nothing in the trademark registration, however, indicates that the pentagon, standing alone, is entitled to protection. Indeed, a pentagon is the type of basic, non-distinctive, geometric shape that is not generally accorded trademark protection absent secondary meaning. See Wiley, 762 F.2d at 141-42.

Here, there is no sufficient evidence showing that a pentagon with a curvilineal top, by itself, has taken on a secondary

6

meaning.  Best Western has failed to show that, like McDonald's "Golden Arches," Nike's "swoosh," and Playboy's "rabbit head," the pentagon has become synonymous with the services of Best Western in the minds of the public.  Therefore, Patel is not currently in violation of Paragraph A of the Agreed Order for "using, displaying or advertising" Best Western's trademark by failing to take down or cover up the pentagonally shaped structures and places where signs used to be.  Additionally, Patel is also now in compliance Paragraphs B, C, and D of the Agreed Order because the empty pentagonal cabinets and the empty white pentagon of which Best Western complains are not in any manner likely to confuse or deceive the public into the belief that the Wheeling Inn is associated with Best Western.  The "signs" that remain outside of the Wheeling Inn are merely empty remnants of former signs that do not constitute colorable imitations of the Best Western logo and are unlikely to cause public confusion.  Accordingly, this Court finds that Patel cured his violations of the Agreed Order as to the free-standing pole sign, the portico sign, and the east curbside sign on July 27, 2006 when the faces of those signs were removed.

As to the rooftop sign, Best Western argues that even though Patel removed the curvilinear shape on August 1, 2006 so that the advertisement is now rectangular rather than pentagonal, the color scheme employed in the sign too closely resembles that of Best Western's trademarked logo.  Colors, like common shapes, are not

7

inherently distinctive and thus are not generally afforded trademark protection absent secondary meaning. See Qualitex Co. v. Jacobson Prods. Co., Inc., 514 U.S. 159, 162-64 (1995). In this case, Best Western has not shown that its color scheme has developed a secondary meaning such that the combination of those colors identifies to the public that a particular hotel is affiliated with Best Western. Nonetheless, even if Best Western's color scheme had achieved secondary meaning, the rooftop Wheeling Inn sign does not substantially employ that color scheme in a manner likely to cause confusion. Unlike Best Western's logo, Wheeling Inn's rooftop sign has white lettering and no red crown. Although both marks have a blue background, this color is not distinctive enough and has not acquired the necessary secondary meaning for a finding of trademark infringement when used independent of the pentagonal shape. Accordingly, this Court finds that Patel cured his violation of the Agreed Order as to the rooftop sign on August 1, 2006 when he altered that sign to conceal the curvilinear top of the pentagonal shape.

B. Sanctions

In Best Western's show cause motion and its post-hearing memorandum, Best Western argues that monetary sanctions should be imposed against Patel because of his disregard of the Agreed Order and the February 23, 2006 order directing Patel to cure his violations within 30 days. In his response to the show cause

motion, Patel admits that he did not bring all of the Wheeling Inn's exterior signs into compliance until August 1, 2006 –- over four months after the March 23, 2006 deadline granted by this Court for Patel to cure his contempt and nearly seventeen months after the Agreed Order. Despite these violations, Patel argues that he should not be subjected to monetary sanctions because he has made good faith efforts to resolve the exterior sign dispute with Best Western.

This Court finds that pursuant to its inherent powers to impose sanctions for contempt, the imposition of sanctions in this case is warranted. This Court already determined in its February 23, 2006 order that as of the date of that order Patel was in civil contempt of the Agreed Order with respect to the Wheeling Inn's exterior signs. Regardless of being granted time in which to cure these violations and the finding of contempt, Patel remained in violation of the Agreed Order well past the March 23, 2006 cure deadline. Because Best Western has shown by clear and convincing evidence that Patel has not substantially complied with the February 23, 2006 order, Patel is in civil contempt of that order as well. Although Patel argues that he acted in good faith, such actions were not based on a reasonable interpretation of this Court's orders and therefore cannot be used as a defense to a finding of contempt. See Go-Video, Inc., 10 F.3d at 695 (noting that "a person should not be held in contempt if his action

'appears to be based on a good faith and reasonable interpretation of the [court's order]'").

Best Western has proposed that this Court, in its discretion to impose sanctions for civil contempt, should impose one of the following sanctions: Best Western membership fees and dues for the 2005-2006 fiscal year; the amount of liquidated damages that Patel would have been required to pay if he were a Best Western member who terminated his membership; or attorney's fees and costs incurred since the inception of this action. Patel argues, on the other hand, that in light of his good faith attempts, any sanctions imposed should be non-monetary.

"Although civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." TWM Mfg. Co., Inc. v. Dura Corp., 722 F.2d 1261, 1273 (6th Cir. 1983). Civil contempt sanctions may be imposed by the Court for either or both of two distinct purposes: (1) to coerce compliance with a court order and (2) to compensate the complainant for actual losses sustained as a result of the other party's disobedience. In Re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991). Generally, a compensatory sanction "may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which

is not appropriate in a civil contempt proceeding." Id. (quoting NLRB v. Laborer's Int'l Union, 882 F.2d 949, 955 (5th Cir. 1989)).

In this case, Best Western has suffered the expense of additional costs and attorney's fees because of Patel's delay in complying with the orders of this Court. Therefore, this Court finds that monetary sanctions are appropriate. Because Patel was afforded the opportunity to cure his contempt of the Agreed Order, but did not do so by the March 23, 2006 deadline, an appropriate sanction would compensate Best Western for the costs and attorney's fees it incurred from March 23, 2006 until the date that Patel actually complied with the Agreed Order. Since all of the Wheeling Inn's exterior signs were brought into compliance with the Agreed Order by August 1, 2006, when the final exterior sign was modified, Patel is ordered to pay the costs and attorney's fees incurred by Best Western from March 23, 2006 to August 1, 2006. Counsel for Best Western is directed to submit to this Court and opposing counsel a memorandum of costs and attorney's fees which itemizes hourly rates and time logged for the relevant time period.

## IV. Conclusion

For the above-stated reasons, the defendant, Arvind Patel, is in civil contempt for violating both the Agreed Order and this Court's February 23, 2006 memorandum opinion and order. Accordingly, pursuant to this Court's inherent powers to impose sanctions for contempt, Patel is DIRECTED to pay the costs and

attorney's fees incurred by Best Western from March 23, 2006 to August 1, 2006. To facilitate the calculation of this monetary sanction, counsel for Best Western is DIRECTED to submit to this Court and opposing counsel a memorandum of costs and attorney's fees which itemizes hourly rates and time logged for the relevant time period on or before **January 31, 2007.** Patel shall file a response to the memorandum of costs and attorney's fees on or before **February 9, 2007.** Best Western shall file a reply on or before **February 16, 2007.**

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: January 17, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE